**EXHIBIT A**

RELEASE AND SETTLEMENT AGREEMENT

FOR AND IN CONSIDERATION of the amounts, terms and con-
ditions stated herein, including future payments which are to be
paid by the Transport Insurance Company (which said future payment
obligation may, at the election of the Transport Insurance Com-
pany, be assigned to First Executive Corporation as provided for
herein), the terms and sufficiency of which are hereby agreed to
and acknowledged by Cecil Paul Moore, as Personal Representative
of the Estate of Peggy Gail Moore, hereinafter sometimes referred
to as "releasor". Said Cecil Paul Moore as Personal Representative
of the Estate of Peggy Gail Moore (releasor) hereby releases and
forever discharges Gator Freightways, Inc., David Lee Whitmar and
Transport Insurance Company, (except as otherwise provided herein
concerning future payment obligations), their heirs, executors,
administrators, principals, employees, representatives, agents,
assigns and successors, and all other persons, firms or cor-
porations liable or who might be claimed to be liable in any manner
(sometimes hereinafter referred to as "releasees") none of whom
admit any liability to the releasors, but all expressly deny any
liability, from any and all claims, demands, actions, causes of
action or suits of any kind or nature whatsoever, both known and
unknown, and including any claims of Moore for injuries sustained,
to persons, and property, which have resulted in the past or may
in the future develop as a result of an accident which occurred on
or about November 28, 1984 on U.S. 1 in Nassau County, Florida, and

which is subject matter of that certain civil action pending in the Circuit Court of Duval County, State of Florida, and being identified as Civil Action File 85-6490-CA, said pleadings are incorporated herein by reference for the purpose of fully, finally and completely releasing any and all claims which have been asserted or wich could have been asserted in said civil action. Releasor hereby authorizes and directs his attorney of record in said civil action to sign a Satisfaction of Judgment for Defendants.

It is understood, agreed and acknowledged by releasor that the sum of Six Hundred Fifty Thousand ($650,000.00) is being paid herewith to releasor, the receipt and sufficiency of which is hereby acknowledged by releasor, as full accord, satisfaction and settlement of all claims as stated and referred to herein growing out of said occurrence, with the exception only as to future payments as set out herein to be made by the Transport Insurance Company or, if it elects, by its assigns.

The releasor, Cecil Paul Moore, as Personal Representative of the Estate of Peggy Gail Moore, understands, agrees and acknowledges that the following FUTURE PAYMENTS are to be made by the Transport Insurance Company or, if it elects, its assigns (as provided for herein), when due and payable on behalf of releasees as follows:

1.  FUTURE MONTHLY PAYMENTS:

(a)   CECIL PAUL MOORE:  The Transport Insurance Company or, if it elects, its assigns, promises to pay to the releasor,

Cecil Paul Moore the sum of Three Thousand Five Hundred ($3,500.00) Dollars per month beginning on May 28, 1986, guaranteed for twenty (20) years, and continuing each and every month after May 28, 1986 for the remainder of his life.

It is further agreed that in the event that Cecil Paul Moore dies prior to April 28, 2006, the balance of the guaranteed future monthly payments, as outlined above, shall continue to be paid on the same monthly basis as outlined above for the remainder of said guaranteed period to THE ESTATE OF CECIL PAUL MOORE.

(b). ROBERT MOORE: The Transport Insurance Company or, if it elects, its assigns, promises to pay to the releasor Robert Moore the sum of Five Hundred ($500.00) Dollars per month beginning May 28, 1986, guaranteed for one (1) year, with the last payment to be made April 28, 1987; The Transport Insurance Company or, if it elects, its assigns, promises thereafter to pay to the releasor, Robert Moore, the sum of Fifteen Hundred ($1,500.00) Dollars per month beginning May 28, 1987, guaranteed for twenty-nine (29) years, and continuing each and every month after May 28, 1986 for the remainder of his life.

It is further agreed that in the event Robert Moore dies prior to April 28, 2016, the balance of the guaranteed future monthly payments, as outlined above, shall continue to the paid on the same monthly basis as outlined above for the remainder of said guaranteed period to THE ESTATE OF ROBERT MOORE.

(c) JOSEPH MOORE: The Transport Insurance Company or, if it elects, its assigns, promises to pay to the releasor, Joseph

Moore the sum of Five Hundred ($500.00) Dollars per month beginning May 28, 1986, guaranteed for four (4) years, with the last payment to be made April 28, 1990; the Transport Insurance Company or, if it elects, its assigns, promises thereafter to pay to the releasor, Joseph Moore, the sum of Twenty-Nine Hundred ($2,900.00) Dollars per month beginning on May 28, 1990, guaranteed for twenty-six (26) years continuing each and every month thereafter from May 28, 1990, with the last guaranteed payment being made on April 28, 2016.

It is further agreed that in the event that Joseph Moore dies prior to April 28, 2016, the balance of the guaranteed future monthly payments, as outlined above, shall continue to be paid on the same monthly basis as outlined above for the remander of said guaranteed period to THE ESTATE OF JOSEPH MOORE.

(d) CURTIS MOORE: The Transport Insurance Company or, if it elects, its assigns, promises to pay to the releasor, Curtis Moore, the sum of Five Hundred ($500.00) Dollars per month beginning May 28, 1986, guaranteed for thirteen (13) years; the Transport Insurance Company or, if it elects, its assigns, promises to pay to the releasor Curtis Moore, the sum of Ninety-Five Hundred ($9,500.00) Dollars per month beginning on May 28, 1999, guaranteed for twenty-seven (27) years, and continuing each and every month after May 28, 1999 for the remainder of his life.

It is further agreed that in the event Curtis Moore dies prior to April 28, 2026, the balance of the guaranteed future monthly payments, as outlined above, shall continue to be paid on

the same monthly basis as outlined above for the remainder of the guaranteed period to THE ESTATE OF CURTIS MOORE.

2. FUTURE DEFERRED (LUMP SUM) CASH PAYMENTS: It is further understood, agreed and acknowledged that the Transport Insuance Company or, if it elects, its assigns, shall pay the following deferred lump sum cash payments to the releasors, if in life, as follows:

| DATE DUE AND PAYABLE | AMOUNT PAYABLE |
|---|---|
| **(a)  ROBERT MOORE** | |
| (1)  May 28, 1987 | $17,000.00 |
| (2)  May 28, 1988 | $17,000.00 |
| (3)  May 28, 1989 | $17,000.00 |
| (4)  May 28, 1990 | $18,000.00 |

| DATE DUE AND PAYABLE | AMOUNT PAYABLE |
|---|---|
| **(b)  JOSEPH MOORE** | |
| (1)  May 28, 1991 | $18,000.00 |
| (2)  May 28, 1992 | $18,000.00 |
| (3)  May 28, 1993 | $18,000.00 |
| (4)  May 28, 1994 | $18,000.00 |
| (5)  May 28, 1995 | $18,000.00 |

| DATE DUE AND PAYABLE | AMOUNT PAYABLE |
|---|---|
| **(c)  CURTIS MOORE** | |
| (1)  May 28, 1999 | $25,000.00 |
| (2)  May 28, 2000 | $30,000.00 |

    (3)   May 28, 2001             $30,000.00

    (4)   May 28, 2002             $30,000.00

It is further agreed that in the event that either Robert Moore, Joseph Moore, or Curtis Moore dies prior to the date of the payments mentioned hereinabove, the remaining unpaid cash lump sum payments, as outlined above, shall be paid on the same basis and dates as listed above to the Estate of the individual deceased Plaintiff, Robert Moore or Joseph Moore, or Curtis Moore.

3.  ATTORNEYS FEES:  It is further understood, and agreed and acknowledged that the Transport Insurance Company or, if it elects, its assigns, shall pay the following deferred lump sum cash payments as attorneys fees to Carl D. Dawson and David Wiesenfeld as follows:

| DATE DUE AND PAYABLE | AMOUNT PAYABLE |
|---|---|
| (1)   May 28, 1987 | $127,500.00 |
| (2)   May 28, 1988 | $ 75,000.00 |
| (3)   May 28, 1989 | $ 75,000.00 |
| (4)   May 28, 1990 | $ 75,000.00 |
| (5)   May 28, 1991 | $ 75,000.00 |

It is understood that within the meaning of Section 130 (c) of the Internal Revenue Code of 1954 as amended (the "Code"), Transport Insurance Company ("Assignor") may make a "qualified assignment" to First Executive Corporation ("Assignee") of Assignor's obligation to make the future payments described in paragraph 1(a)(b)(c) and (d); 2(a)(b)(c); and 3 hereof (the "Periodic Payments").  Plaintiff hereby consents to such an assignment and agrees (a) that Plaintiff's rights to the Periodic

Payments and against the Assignee shall be no greater than those of a general creditor, (b) that Assignee is not required to set aside specific assets to secure such Periodic Payments and (c) that Assignee's obligation to make Periodic Payments shall be not greater than those of Assignor immediately preceding the assign-ment. Upon assignment, Assignee or its designee shall mail future payments directly to Plaintiff unless otherwise notified in writ-ing by the person entitled to receive said payments.

It is further understood that Assignee may fund the Periodic Payments by purchasing a "qualified funding asset", within the meaning of Section 130 (d) of the Code, in the form of an annuity policy from Executive Life Insurance Company of New York. All rights of ownership and control of such annuity policy shall be vested in the Assignee, but Assignee may have Exeuctive Life Insurance Comany of New York make payments directly to or for the benefit of the Plaintiff for Assignee's convenience.

It is further understood that upon making such a "qual-ified assignment", Assignor shall be fully released from all obligations to make the Periodic Payments and only Assignee shall be obligated to make the Periodic Payments. Assignee's obligation to make each Periodic Payment shall be discharged upon mailing of a valid check in the amount due to the address so designated by Plaintiff.

It is expressly understood and agreed that none of the recipients of the FUTURE PAYMENTS provided for herein, including Cecil Paul Moore, Robert Moore, Joseph Moore, and Curtis Moore,

Carl Dawson or David Wiesenfled or any other person entitled to payments hereunder, shall have the right to:

(a)  accelerate said future payments to any time or vary in any respects the payments;

(b)  receive the present discounted value of future payments;

(c)  have any control of the investments of funds from which payments are made;

(d)  have any right to increase or decrease the monthly payments;

(e)  change or modify the manner, mode or method of meeting any payments or discharging any obligations set forth in this agreement.

It is further understood that all agreements and understandings between parties hereto are embodied and expressed herein and the terms of this Release and Settlement Agreement are contractual and not merely recitals.

It is further agreed and understood that payment of the aforesaid sums is not to be construed as an admission of liability upon the part of said persons, firms and corporations, liability by them being expressly denied.

It is further understood and agreed that there will be no fees or charges made to the recipient by the releasees or any of their employees or agents (including, without limitation, the issuing and owning insurance companies of the annuities described herein), for the purchase or administration of the annuities or payments described herein.

It is further expressly warranted by the Releasors that no

-8-

other person or entity has asserted or is able to assert any lien,
claim or entitlement to any portion of the consideration recited
above which has not been satisfied, or will not be satisfied
immediately out of the above recited consideration being paid for
the Release. The Releasors further expressly agree to indemnify
and hold harmless Releasees and their present and former insurers,
directors, officers, agents, employees, successors and assigns
from any lien, claim or entitlement to any portion of the con-
sideration recited above being paid for this release which may be
asserted at any time by any person or entity.

It is further understood and agreed that no promises of
inducement has been offered or made except as herein set forth, nor
has there been any representation made by or on behalf of the
parties released, as to any tax effects or consequences resulting
to the Releasors arising out of or under the terms of this
Agreement, and that this Release and Settlement Agreement is
executed without reliance upon any such statement or represen-
tation by any other party or his agent.

To procure payment of said sum, the undersigned do hereby
declare that they are competent and of the age of majority, that
no representations about the nature and extent of said damages,
loss or injury made by any attorney or agent of any party hereby
released, nor any representations regarding the nature and extent
of the legal liability or financial responsibility of any of the
parties hereby released have induced releasor to make this settle-
ment; that in determining said sum, there has been taken into

-9-

consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as hereinbefore referred to.

Releasor does hereby further covenant and agree that he will never institute in the future any complaint, suit, action or cause of action, in law or in equity, against the releasees, or any of them; nor institute, prosecute or in any way aid in the institution or prosecution of any claims, demand, action, cause of action, suit or consequence of the occurrence, casualty or event hereinbefore referred to, whether such injury, damage, loss or expense is known or unknown, past, present or future. In connection therewith, releasor does hereby covenant and agree to indemnify and hold harmless the aforementioned releasees from any and all claims, demands, actions, causes of action, suits or complaints that may be brought by any person, persons, firm, corporation or other entity against the releasees, or any of them, for injury, damage or loss of releases arising out of the casualty, occurrence or event hereinbefore referred to.

Releasor hereby acknowledges receipt of a copy of this release before signing same. It is understood that the provisions of this Release and Settlement Agreement are contractual and are not merely recitals and that the undersigned have read the foregoing Release and Settlement Agreement, understand it and sign same as their voluntary act and deed.

By:   Releasor

Cecil Paul Moore, as Personal Repre-
sentative of the Estate of Peggy
Gail Moore, and as Natural Guardian
of Robert Moore, Joseph Moore
and Curtis Moore

IN WITNESS WHEREOF, Releasor has hereunto set his hand and affixed
his seal, this ___12___ day of ___May, 1986___.

Read, witnessed and approved by:

ATTORNEY FOR PLAINTIFF

-11-

APPROVAL OF RELEASE AND SETTLEMENT AGREEMENT

The foregoing Release and Settlement Agreement is hereby approved by the undersigned authorized representative of the Transport Insurance Company, and the obligations of said company set forth therein are hereby acknowledged and accepted.

This __29__ day of __May__, 19 __76__.

The Transport Insurance Company

By: _____
    Authorized Agent